UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 97-6766-Civ (Ferguson/Snow)

LAKER AIRWAYS INC.,               )
                                  )
        Plaintiff,                )
                                  )
        v.                        )
                                  )
                                  )
                                  )
BRITISH AIRWAYS PLC,              )
                                  )
        Defendant.                )
                                  )
_____ )

MOTION OF DEFENDANT BRITISH AIRWAYS PLC
TO STRIKE PLAINTIFF'S PURPORTED AMENDED
COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

SULLIVAN & CROMWELL
1701 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20006
(202) 956-7500

GREENBERG TRAURIG, P.A.
515 EAST LAS OLAS BOULEVARD
FORT LAUDERDALE, FLORIDA 33302
(954) 765-0500

John L. Warden                  Attorneys for Defendant
Daryl A. Libow                  British Airways Plc
Joseph J. Matelis

Richard G. Garrett
Of Counsel

October 25, 1999

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    THIS COURT'S DISMISSAL OF LAKER'S COMPLAINT
      EXTINGUISHED LAKER'S RIGHT TO AMEND AS A
      MATTER OF COURSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   LEAVE TO AMEND SHOULD BE WITHHELD BECAUSE
      ANY AMENDMENT WOULD BE FUTILE AND LAKER'S
      UNDUE DELAY HAS PREJUDICED BRITISH AIRWAYS. . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

TABLE OF AUTHORITIES

CASES

*Abramson* v. *Gonzalez*, 949 F.2d 1567 (11th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Carlo* v. *Reed Rolled Thread Die Co.*, 49 F.3d 790 (1st Cir.
1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Czeremcha* v. *International Ass'n of Machinists & Aerospace
Workers*, 724 F.2d 1552 (11th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Foman* v. *Davis*, 371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Laker Airways, Inc.* v. *British Airways, Plc*, 182 F.3d 843
(11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Oxford Furniture Cos.* v. *Drexel Heritage Furnishings, Inc.*,
984 F.2d 1118 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Smith* v. *Duff & Phelps, Inc.*, 5 F.3d 488 (11th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . 4

*Weiss* v. *PPG Indus., Inc.*, 148 F.R.D. 289 (M.D. Fla. 1993) . . . . . . . . . . . . . . . . . . . . . 2

MISCELLANEOUS

3 James Wm. Moore et al., *Moore's Federal Practice*
§ 15.15 (3d ed. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6 Charles Alan Wright et al., *Federal Practice and Procedure*
§ 1487 (2d ed. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 97-6766-Civ (Ferguson/Snow)


| | | |
|---|---|---|
| LAKER AIRWAYS INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Motion of Defendant British Airways Plc |
| | ) | To Strike Plaintiff's Purported Amended |
| | ) | Complaint and Memorandum of Law in |
| | ) | Support |
| BRITISH AIRWAYS PLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |


Defendant British Airways Plc ("British Airways") respectfully moves the Court pursuant to Federal Rules of Civil Procedure 12 and 15(a) to strike the purported amended complaint filed by Plaintiff Laker Airways Inc. ("Laker") and relies upon the points and authorities cited below in its Memorandum of Law.

PRELIMINARY STATEMENT

After dismissal of its complaint by this Court and affirmance of that dismissal by the Eleventh Circuit with respect to *all* but one of Laker's claims (relating to ticket interlining), Laker has now improperly attempted to lodge a purported amended complaint ("served" October 15, 1999), which essentially does nothing more than name

Airport Coordination Ltd. ("ACL") as a new defendant and otherwise alters the factual allegations of the original complaint in only insignificant ways. *See* "Am. Comp." ¶¶ 11, 12, 20. The purported amended complaint was made neither with leave of the Court nor by consent of British Airways and is therefore procedurally barred under the law of this Circuit and should be struck. Furthermore, as Laker's belated attempt to amend its previously-dismissed complaint is both futile and dilatory, leave to amend should not be granted.

ARGUMENT

I.      THIS COURT'S DISMISSAL OF LAKER'S COMPLAINT
        EXTINGUISHED LAKER'S RIGHT TO AMEND AS A
        MATTER OF COURSE.

Laker's purported amended complaint is not properly before the Court because Laker obtained neither leave of the Court nor consent of British Airways for the filing of its amended pleading. Simply, this Court's prior dismissal of Laker's complaint extinguished Laker's right under Federal Rule of Civil Procedure 15(a) to file an amended complaint as a matter of course: "after a complaint is dismissed the right to amend under Rule 15(a) terminates." *Czeremcha* v. *International Ass'n of Machinists & Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir. 1984). *See also Weiss* v. *PPG Indus., Inc.*, 148 F.R.D. 289, 291 (M.D. Fla. 1993) ("right to file 'once as a matter of course' terminate[s]" upon dismissal of even "a portion of a complaint").

II.    LEAVE TO AMEND SHOULD BE WITHHELD BECAUSE
       ANY AMENDMENT WOULD BE FUTILE AND LAKER'S
       UNDUE DELAY HAS PREJUDICED BRITISH AIRWAYS.

The Court should withhold leave to amend because the proffered amendment would be futile and because Laker unduly delayed offering the proposed amendment. First, this Court dismissed Laker's claims that do not involve interlining both for failure to join an indispensable party pursuant to Federal Rule of Civil Procedure 19 and in accordance with the act of state doctrine pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* 11/26/97 Order at 4-5. *See also Laker Airways, Inc. v. British Airways, Plc*, 182 F.3d 843, 845 (11th Cir. 1999) (noting that dismissal was "pursuant to Federal Rule of Civil Procedure 19 and the 'act of state' doctrine"). Laker's purported amended complaint adds *no* allegations that affect this Court's prior conclusion that "[i]f ACL were named as a defendant this suit would be barred by the substantive act of state doctrine in that to grant the requested relief the Court would be required to declare invalid acts which are essentially those of a foreign sovereign." 11/26/97 Order at 5. "[F]utility of amendment" is a proper ground for denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 792-93 (1st Cir. 1995); *Abramson v. Gonzalez*, 949 F.2d 1567, 1581 (11th Cir. 1992); 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 637 (2d ed. 1990) ("If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend.").

Second. the purported amended complaint sets forth *no* allegations of any act undertaken by ACL in the United States sufficient to support personal jurisdiction over ACL.  Indeed, the basis of both this Court's and the Eleventh Circuit's Rule 19 analysis was Laker's representation that joinder of ACL was impossible.  *See Laker*, 182 F.3d at 848 n.7 ("The record is devoid of any explanation for why Laker declined to name ACL as a defendant, except for a brief reference during oral argument to 'service of process' problems.  Nonetheless, we assume it is not feasible to join ACL and proceed with an analysis of Rule 19(b) to determine whether the suit should proceed in the absence of ACL.").

Third. Laker offers no justification for its refusal to name ACL earlier or its imposition upon British Airways of a costly appeal on an issue that Laker now suggests could have been avoided at the outset.  Laker could have amended its complaint more than a year ago, either during the pendency of British Airways' motion to dismiss the complaint or at the time this Court sought additional briefing on the Rule 19 issues.  Rather, Laker now attempts to waste this Court's time and impose additional costs on British Airways solely as a frivolous attempt to delay the inevitable dismissal of its action yet again.  Such "undue delay [and] . . . prejudice to the opposing party" support denial of leave to amend.  *Foman*, 371 U.S. at 182.  *See also Smith* v. *Duff & Phelps, Inc.*, 5 F.3d 488, 493-94 (11th Cir. 1993); *Oxford Furniture Cos.* v. *Drexel Heritage Furnishings, Inc.*, 984 F.2d 1118, 1124 (11th Cir. 1993); 3 James Wm. Moore et al., *Moore's Federal*

*Practice* § 15.15[2], at 15-44 to 15-46 (3d ed. 1999).  Laker's dilatory strategy should not be countenanced.

CONCLUSION

For the foregoing reasons, the Court should grant British Airways' Motion to Strike and deny Laker leave to amend its complaint.

Respectfully submitted,

Daryl A. Libow
Sullivan & Cromwell
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
phone:  (202) 956-7500
fax:  (202) 293-6330
email:  LibowD@SullCrom.com

Richard G. Garrett
(Florida Bar No. 268161)
Greenberg Traurig, P.A.
515 East Las Olas Blvd.
Fort Lauderdale, Florida 33302
phone:  (954) 765-0500
fax:  (954) 765-1477
email:  GarrettR@GTlaw.com

John L. Warden
Joseph J. Matelis

Of Counsel

October 25, 1999

Attorneys for Defendant
British Airways Plc

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Motion of Defendant British Airways PLC To Strike Plaintiff's Purported Amended Complaint and Memorandum of Law In Support was sent via facsimile and Federal Express to Robert M. Beckman, Esq., BODE & BECKMAN, L.L.P., 1150 Connecticut Avenue, N.W., 9th Floor, Washington, D.C 20036-4192 and via facsimile and U. S. Mail to Dwight Sullivan, Esq., 14 Northeast First Avenue, Suite 1205, Miami, FL 33132, this 25th day of October, 1999.

RICHARD G. GARRETT

MIAMI3 GARRETTR 117503/2$nz01!.DOC 10/25/99