BEFORE
THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

|  |  |
|---|---|
| LAKER AIRWAYS INC.<br><br>Plaintiff<br><br>v.<br><br>BRITISH AIRWAYS PLC.<br>AIRPORT COORDINATION LTD.<br><br>Defendants | )<br>)<br>)<br>)<br>) Case No. 97-6766-CIV-FERGUSON<br>) Magistrate Judge Snow<br>)<br>)<br>)<br>)<br>)<br>) |

NIGHT BOX
FILED
NOV - 8 1999
CARLOS JUENKE
CLERK, USDC / SDFL / FTL

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO STRIKE PLAINTIFF'S AMENDED COMPLAINT**

British Airways PLC ("BA") has moved pursuant to Rules 12 and 15, Fed. R. Civ. P., to strike Laker Airways Inc.'s ("Laker") Amended Complaint (filed October 15, 1999) or to deny Laker leave to amend. While BA's motion to strike is meritless, the matter is moot because Laker has moved for leave to amend. Since leave to amend is liberally granted, BA's motion to strike should be denied.

2

I.   **The Issue of Whether the Court Should Strike Laker's Amended Complaint Is Moot.**

Rule 15(a), Fed. R. Civ. P., authorizes a party to amend "once as a matter of course at any time before a responsive pleading is served."  BA has not filed a responsive pleading.  BA argues that Laker's right to amend its complaint as a matter of course was extinguished by this Court's earlier dismissal of Laker's complaint under Rule 19, Fed. R. Civ. P. for failure to join Airport Coordination Ltd. ("ACL"), an indispensable party.  The Court's action did not address the allegations of the Complaint.

While the issue is moot, Laker notes that BA misapplies the 11th Circuit's ruling in *Czeremcha v. International Ass'n of Machinists & Aerospace Workers*, 724 F. 2d 1553 (11th cir. 1984).  That case applies only to an adjudication on the merits of the claim.  Rule 41(b), Fed. R. Civ. P., provides that dismissal under Rule 19 is not an adjudication on the merits.

Moreover, BA distorts the gist of the Court of Appeals' resolution in *Czeremcha* of this circuit's case law on amendment after dismissal.  BA quotes only a portion of the Court's resolution.  The full quotation in *Czeremcha* from which BA selects a phrase is:

> In light of this criticism and the confusion of this circuit's case law on the issue, we find it appropriate to adopt a rule that after a complaint is

> dismissed the right to amend under Rule 15(a) terminates; the plaintiff, however, may still move the court for leave to amend, and such amendments should be granted liberally. 724 F. 2d at 1556

Similarly, BA incorrectly cites *Weiss v. PPG Indus. Inc.,* 148 F.R.D. 289 (M.D. Fla. 1993), as further support for a draconian rule of one dismissal and out. In fact, the motion to strike the amended complaint was denied. The court acknowledged that plaintiff's right to amend once as a matter of course terminated upon the dismissal of certain courts of the complaint but granted leave to amend *sua sponte* under the liberal amendment rule of *Foman v. Davis,* 371 U.S. 178, 182 (1962).

II.     **Laker Should Be Granted Leave to Amend Its Complaint**

Fed. R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires." It is well established that such leave is granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See, e.g., Weiss*, 148 F.R.D. at 292, in which the court granted leave to amend, noting that it was evident from the court's order dismissing the claims that plaintiff could easily correct the deficiencies of the dismissed claim, and that since the claims

were those originally filed, the substance of the claims could be "of no surprise" to the defendant.

In the instant case, the U.K. Government's diplomatic note subsequent to the original complaint (attached hereto as Exhibit 1) makes clear that the U.K. Government has no role in slot allocation so that the act of state doctrine cannot apply. The amended complaint is certainly not "futile" as BA contends, quoting this Court's view prior to the U.K. diplomatic note that ACL's acts were "essentially those of a foreign sovereign".

BA ignores the numerous allegations in the Amended Complaint which support the assertion of personal jurisdiction over ACL on two bases: (1) ACL caused injury within Florida and (2) ACL conspired with BA to engage in intentional misconduct within Florida.

Under the Florida Long Arm Statute, acts causing injury in Florida form the basis of personal jurisdiction. Florida Statutes § 48.193(1)(b). The reach of this statute is a question of Florida law. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 257 (11th Cir. 1996).

Intentional misconduct outside of Florida aimed directly at Florida and resulting in injuries to a Florida resident subjects the out-of-state actor to the

5

reach of the Florida Long-Arm Statute. *Doe v. Thompson*, 620 So. 2d 1004, 1006 n.1 (Fla. 1993). *See Silver v. Levinson*, 648 So. 2d 240, 242 (4th DCA 1994) (single defamatory letter mailed from Connecticut to Florida); *Carida v. Holy Cross Hospital, Inc.*, 424 So.2d 849, 851 (4th DCA 1982) (defamatory telephone calls from New Jersey to Florida); *Allerton v. Florida Dep't of Ins.*, 635 So. 2d 36, 40 (1st DCA 1994) (fraud in Massachusetts or New York injured Florida resident); *Harvester Co. v. Mann,* 460 So. 2d 580, 581 (1st DCA 1984) ("It is well-established that the commission of a tort for purposes of establishing long-arm jurisdiction does not require physical entry into the state, but merely requires that the place of injury be within Florida").

In the Amended Complaint, Laker alleges that ACL conspired with BA and engaged in intentional misconduct which caused injury within Florida. ¶ 3. The Amended Complaint specifies the tortious activity: ACL refused to assign Laker any slots on numerous days and on the days that the slots were assigned, ACL assigned Laker slots at different times of the day. ¶ 10. Injury within Florida was alleged, as this action forced Laker's passengers to arrive in Miami after dark and too late to make onward connections, which precluded effective competition with BA. ¶ 11. The Amended Complaint alleges that BA and ACL combined and conspired to restrain trade and commerce in the relevant market for air passenger service between Miami and London. ¶¶ 23, 25, 33.

6

BA's last contention is that the Amended Complaint was unduly delayed which unduly prejudiced BA. In the instant case, Laker argued in good faith in both this Court and the Court of Appeals that ACL is not an indispensable party.[1] Since Laker elected to pursue an appeal on this close question, it would have been unreasonable and a waste of judicial resources for Laker to seek to amend its Complaint prior to the appellate court's decision. The Court of Appeals' mandate issued on August 31, 1999. On October 15, 1999, Laker amended the original complaint to add ACL, hardly an undue delay. BA makes no showing of undue prejudice to BA.

---

[1] It is noteworthy that the Court of Appeals determined that its opinion on this matter should be published. See I.O.P.-5 (court's basic policy is to reduce volume of published opinions, majority of court decides whether opinion is published, only those opinions believed to have precedential value are to be published).

7

Wherefore, for all of the foregoing reasons, Laker respectfully requests this Court to deny BA's motion to strike.

                                              Respectfully submitted,

*/s/ Robert M. Beckman*

Robert M. Beckman
Bode & Beckman, L.L.P.
1150 Connecticut Avenue, N.W.
9th Floor
Washington, D.C. 20036-4192
Tel: 202-828-4100
Fax: 202-835-3219

Of counsel

Robert A. Skitol
Kathleen S. O'Neill
Drinker Biddle & Reath, L.L.P.
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: 202-842-8800
Fax: 202-842-8465

Dwight Sullivan
(Florida Bar No. 079214)
14 Northeast First Avenue
Suite 1205
Miami, Florida 33132
Tel: 305-358-5544
Fax: 305-358-1614

By: */s/ Dwight Sullivan*
Dwight Sullivan
Attorney for Plaintiff,
   Laker Airways Inc.

November 8, 1999

ANSWER

NOTE NO: 59

Docket OST-98-3615

RECEIVED MAR 26 1998 CRONE & BECKMAN

Her Britannic Majesty's Embassy presents its compliments to the Department of State and has the honour to refer to the complaint by US Airways under 49 U.S.C. Section 41310 (the International Air Transportation Fair Competitive Practices Act) concerning slot allocation at Gatwick airport.

Her Majesty's Government believes that it would be inappropriate for the Government of the United States to take any action in respect of US Airways' complaint, which affected the operations of United Kingdom carriers, before following the consultation procedures set out in the Air Services Agreement between our two Governments (Bermuda 2).

There are no provisions in Bermuda 2 which oblige the Government of the United Kingdom to ensure that United States carriers are allocated slots at United Kingdom airports. US Airways' submission that the United Kingdom Government has violated its obligations under that Agreement by refusing to ensure that the airline is provided the "access" to Gatwick Airport which it requires to operate its new Charlotte-London services is, in the view of Her Majesty's Government, without foundation.

The allocation of slots at United Kingdom airports is governed by EC Regulation 95/93 which makes slot allocation the responsibility of a slot co-ordinator, Airport Co-ordination Limited in the case of major UK airports. The co-ordinator is required to act independently from the Member States' Governments as well as from the airlines and the airports, and

in accordance with the relevant EC law. Her Majesty's Government's responsibilities towards Airport Co-ordination Limited are limited to confirming its appointment as co-ordinator and ensuring that it continues to act in an independent manner. The United Kingdom Government has no role in the allocation process.

The United Kingdom Government has already indicated to US Airways that the airline is entitled to operate new services from Philadelphia and Charlotte to London. Subject to there being no change in circumstances, therefore, it is the intention of the United Kingdom Government to issue permits to US Airways for the operation of its new Philadelphia and Charlotte services.

The Embassy avails itself of this opportunity to renew to the Department of State the assurance of its highest consideration.



BRITISH EMBASSY
23 MARCH 1998

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of November, 1999, a copy of Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Amended Complaint was served by fax (Fort Lauderdale fax number 954-765-1477) and by U.S. mail, postage prepaid upon Richard G. Garrett, Greenberg, Taurig, Hoffman, Lipoff Rossen & Quentel, P.A., 1221 Brickell Avenue, Miami, Florida 33131 and by fax (number 202-293-6330) postage prepaid to Daryl A. Libow, Esq., 1701 Pennsylvania Avenue, N.W. Washington, D.C., 2000-2498.

_____
Dwight Sullivan