BEFORE
THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

**NIGHT BOX FILED**
NOV 1 8 1999
CARLOS JUENKE
CLERK, USDC / SDFL / FTL

| | |
|---|---|
| **LAKER AIRWAYS INC.** | )<br>)<br>) |
| Plaintiff | )<br>) Case No. 97-6766-CIV-FERGUSON |
| v. | ) Magistrate Judge Snow<br>) |
| **BRITISH AIRWAYS PLC.**<br>**AIRPORT COORDINATION LTD.** | )<br>)<br>) |
| Defendants | )<br>) |

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFF LAKER AIRWAYS INC.'S
MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Plaintiff Laker Airways Inc. ("Laker"), by and through its counsel, respectfully replies to Defendant British Airways Plc's ("BA's") memorandum of law in opposition to Plaintiff's motion for leave to amend and in support thereof states as follows:



2

Laker has a right to amend its complaint under Fed. R. Civ. P. 15(a), since the amendment was filed before any responsivepleading had been filed. BA misstates the holding in *Czeremcha v. International Ass'n of Machinists,* 724 F.2d 1552 (11th Cir. 1984), to the extent that it fails to recognize that the instant case has not been terminated. BA ignores the fact that this litigation continues in light of the Eleventh Circuit's decision in *Laker Airways v. British Airways, Plc,* 182 F.3d 843 (11th Cir. 1999). The Court of Appeals made clear in *Czeremcha* that the district court erred when it viewed its earlier dismissal of the complaint as tantamount to a dismissal of the action. 724 F.2d at 1556.

Even if this Court finds that Laker's right to amend has been extinguished, Laker's motion for leave to amend should be granted. *Czeremcha,* 724 F.2d 1552, 1555 (11th Cir. 1984). The amendment is not futile, and there has been no undue delay. BA will suffer no prejudice if leave to amend is granted. *See Foman v. Davis,* 371 U.S. 178, 182 (1962)

Laker's adding Airport Coordination Limited ("ACL") as a party to the action is not futile. Because the Eleventh Circuit focused principally on Laker's failure to join ACL as an indispensable party, it never reached the act of state issue. The Amended Complaint alleges facts which show that the act of state doctrine does not bar suit against ACL and that this Court has

3

personal jurisdiction over ACL. BA mischaracterizes this court's order of January 27, 1998 when it says that the diplomatic note does not provide a basis for avoiding dismissal pursuant to the act of state doctrine. In fact, the Order does not mention the diplomatic note at all. Order of January 27, 1998. In light of the facts alleged in its Amended Complaint, Laker ought to be afforded an opportunity to test its claim on the merits. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

There has been no undue delay. Laker's failure to join ACL as an indispensable party was based on its belief that ACL need not be joined. In fact, the Eleventh Circuit agreed that co-conspirators need not be named as parties in antitrust actions. *Laker Airways v. British Airways, Plc*, 182 F.3d at 847-48. Laker maintained that ACL was not an indispensable party until the Eleventh Circuit's decision on July 30, 1999. The Court's mandate, issued on August 31, 1999, was received by Laker's counsel on September 2, 1999. Laker filed its Amended Complaint with the United States District Court for the Southern District of Florida on October 15, 1999. Laker filed this motion within a reasonable time.

British Airways will suffer no undue prejudice by virtue of the allowance of the amendment. That BA was forced to litigate the Rule 19 issue is not evidence of prejudice. Laker made no representations that ACL

4

was not subject to service of process. The court made an assumption that it was not feasible to join ACL as a defendant. *See Laker Airways v. British Airways, Plc,* 182 F.3d at 848 n.7. ACL has already been served a copy of the Amended Complaint in the United Kingdom under the terms of the Hague Convention. Fed. R. Civ. P. 4. Laker has always recognized ACL as a joint tortfeasor whose purposeful acts caused injury in Florida, but not that its acts were in any way sovereign or that it was a necessary party. Because Laker did not believe ACL to be an indispensable party, to amend its complaint to join ACL as a defendant prior to the ruling by the Eleventh Circuit would have been contrary to judicial economy and illogical.

5

WHEREFORE, Plaintiff Laker Airways Inc. respectfully requests the Court to enter an order GRANTING plaintiff's leave to amend its Complaint.

Respectfully submitted,

*[signature]*

Robert M. Beckman
Bode & Beckman, L.L.P.
1150 Connecticut Avenue, N.W.
9th Floor
Washington, D.C. 20036-4192
202-828-4100

*[signature: Dwight Sullivan /PS]*

Dwight Sullivan
(Florida Bar No. 079214)
14 Northeast First Avenue
Suite 1205
Miami, FL 33132
Tel: 305-358-5544
Fax: 305-358-1614

By: *[signature: Dwight Sullivan /PS]*
Dwight Sullivan
Attorneys for Plaintiff,
  Laker Airways Inc.

November 19, 1999

Of Counsel:

Robert A. Skitol
Kathleen S. O'Neill
Drinker Biddle & Reath, L.L.P.
1500 K Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: 202-842-8800
Fax: 202-842-8465

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of November 1999, a copy of Appellant's Motion for Leave to Amend Complaint was served by fax (fax no. 954-765-1477) and U.S. mail, to Richard G. Garrett, Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., 515 East Las Olas Blvd., Fort Lauderdale, FL 33302, (954-765-1477), and was served by fax (fax no. 202-293-6330) and by U.S. mail to Daryl A. Libow, Esq., Sullivan & Cromwell, 1701 Pennsylvania Avenue, N.W., Washington, D.C. 20006-2498.

Dwight Sullivan, Esq.

L:\LAKER.AMR\FLS\BA\REPLYAMD.WPDl:\laker.amr\ba\replyamd.wpd\